### JOHN BUCKLEY v. THE SECOND NATIONAL BANK OF JERSEY CITY.

1. It is a general rule that no interest can be obtained through a forgery.
2. A person obtaining possession of a check by means of a forged endorsement, will not acquire any interest in it, although he was not aware of the forgery.
3. That the forgery was committed by an agent of the plaintiff, does not change the rule, where there is no fraud, or where no gross neglect is shown against the plaintiff.

The action is for money had and received by the defendant to the use of the plaintiff, being the amount of a paymaster's check, of which the following is a copy :

No. 21,487.          WASHINGTON, April 16th, 1868.

Assistant Treasurer, U. States, New York.   Pay to John Buckley or order, one hundred dollars.

$100.                 W. VROOMAN, *Paymaster U. S.*

Endorsed—John Buckley ; Charles Crossman, Jersey City ; A. Hogencamp, Cash. 2d Nat. B'k, Jersey City.

April 28th, 1868.               A. LANG, *A. C.*

On the trial of this cause at the Hudson Circuit, a jury was dispensed with, by consent of the parties, and the testimony, as received by the circuit judge, was certified to this court, it being agreed that a verdict should be rendered for either party according to the opinion of the court upon the case as presented.

The evidence, so far as material, is given in the opinion of the court.

The argument was had before the CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL, and WOODHULL.

For plaintiff, *J. C. Potts.*

For defendants, *I. W. Scudder.*

The opinion of the court was delivered by

WOODHULL, J. On the trial of this cause before the Hudson Circuit, at the suggestion of the court, and with the consent of counsel, the jury was discharged under an agreement that a verdict should be entered for either party according to the opinion of this court upon a case reserved.

As the case certified for our opinion contains the whole of the testimony intended to be submitted to the jury, instead of a statement of the facts proved on the trial, it must be understood that, under the agreement in the court below, we have the right here to draw conclusions as to matters of fact, as well as of law. We are to find the facts, and from them to draw such inference as the jury at the circuit might properly have drawn if the case had then been submitted to them. It appears that a claim for additional bounty, filed August 8th, 1867, in behalf of the plaintiff, and allowed April 16th, 1868, for $100, was intended to be paid by check on the assistant treasurer of the United States, New York, for $100, payable to the order of the plaintiff. This check was sent by mail to Charles Crossman, Jersey City, who appears of record as attorney for prosecuting the claim, and who was the only attorney or agent for that purpose recognized by the department.

Crossman had been the clerk of Thomas E. Tilden, who was originally employed by the plaintiff to take charge of his claim, but who died early in 1867, and before the claim was filed. After Tilden's death, Crossman continued to occupy the same office, and whatever was afterwards done by the plaintiff respecting this claim, was done by or through Crossman. The check in question, purporting to be endorsed by the plaintiff, came by the endorsement of Crossman to the possession of the defendants, and they, through their agents in New York, received the amount of it from the assistant treasurer of the United States. The plaintiff's name endorsed on the check was forged by Crossman, or by his procurement—the plaintiff having no knowledge of the existence of the check until some months after it had been collected by the defendants.

We find in the case no evidence of laches on the part of the plaintiff, nor any evidence that Crossman was the agent of the plaintiff for any other purpose than that of receiving and transmitting the check. But the fair and natural, if not the necessary inference, from the facts proved, is, that for such purpose Crossman was the plaintiff's agent.

It is insisted, on the part of the defendants, that this action cannot be maintained, for want of privity between the parties. But if the check in question, at the time it was received and collected by the defendants, was in fact the property of the plaintiff, he may, in the absence of any fault or laches on his part, maintain this action, and recover from the defendants the money received by them from the assistant treasurer of the United States. *Lamine* v. *Dorell*, 2 *Ld. Raym.* 1216 ; *Talbot* v. *Bank of Rochester*, 1 *Hill* 295.

Can there be any doubt that the plaintiff owned the check when it came into the defendants' hands ? Having been sent to the plaintiff's agent, and received by him for the plaintiff's use, the transfer of title from the United States to the plaintiff was complete. The plaintiff, by such transfer, became the absolute owner of the check. Did he cease to be the owner when, by means of a forged endorsement of the plain-

tiff's name, the check was passed by Crossman to the defendants? On this point the law is well settled. "When a bill is assignable only by endorsement," says Mr. Chitty, "as no interest can be conveyed otherwise than by that act, and as it is a general rule that no title could be obtained through a forgery, any person getting possession of it by a forged endorsement, will not acquire any interest in it, although he was not aware of the forgery." *Chitty & Hulme*, 261 (11*th Am. Ed. from* 9 *London*,) and cases cited. To the same effect is the language of Professor Parsons: "No title," he says, passes with a forged endorsement; consequently possession of a note bearing such an endorsement conveys no more interest to the transferee, even though he give value, and is ignorant of the fraud, than the forger had, which is none at all. From this it results—*First*, that the loser of a note with a forged endorsement, may recover it from any hand; and, *Secondly*, that a maker, acceptor, or other promisor who has already paid such a bill, is liable again for the amount to its proper owner." 2 *Parsons on Notes and Bills* 284.

It is clear, then, that nothing passed to the defendants by virtue of the forged endorsement. The plaintiff's right to the check remained precisely as it was before his name was forged. The check, therefore, when the defendants obtained the money on it, was the property of the plaintiff, and in that case he may, as we have seen, recover the amount in this action, as money received by the defendants to his use. The case of *Talbot* v. *Bank of Rochester* is directly in point.

In that case, the plaintiff being the owner of a certificate of deposit in the bank of L., payable to the order of another, caused it to be endorsed by the payee to W. & Co., and sent it to them by mail, though without their knowledge or request. It never reached W. & Co., but was stolen on its way, and their names forged upon it, after which it came to the defendants' hands in the ordinary course of business, who collected the money on it, supposing themselves to be the owners. It was held that, as the property of the certificate remained, under the circumstances, in the plaintiff, he had an

election either to sue the defendants in trover for a conversion of the certificate, or to recover the amount in that action, which was for money had and received.

The defendants' case is not helped by the fact that the forged endorsement was made or contrived by the plaintiff's agent. *Johnson* v. *Windle*, 3 *Bing. N. C.* (32 *E. C. L. R.* 112) 225; *Smith, Assignee of Bagnall & Hand*, v. *Sheppard*, a MS. case of Lord Mansfield, cited in *Chitty on Bills* 261.

Nor have the defendants any equitable claim, as between them and the plaintiff, to be exempt from this payment.   As between these parties, if either must lose, it should be the defendants; for while the plaintiff appears to be altogether blameless they have been negligent in taking the check without first ascertaining the genuineness of the endorsement.

In the case last referred to, Lord Mansfield says: "In this case, the name of Bagnall & Hand is forged; it could not be paid without their hand, and the defendant has been negligent in inquiries whether it was their hand or not."

If the defendants have paid to Crossman the amount of the check, they have their remedy ever against him.   If they have trusted him incautiously—taking the check on the faith of his endorsement alone, and he turns out to be worthless, that is their misfortune.   But, on no principle of law or of equity, can they be justified in withholding from the plaintiff the money which this action is brought to recover.

Our opinion is, that the verdict should be entered, and judgment rendered in this case, in the court below, in favor of the plaintiff, for the amount claimed in his declaration.